IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JESSE O. MARTINEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-150-H-BV |
| | § | |
| ANDY SAMARRIPAS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Jesse O. Martinez filed a complaint and application to proceed *in forma pauperis* (IFP), as well as a motion to appoint counsel. Dkt. Nos. 1, 2, 3. The case was automatically referred for pretrial management under Special Order 3-251.[1] Dkt. No. 5. Martinez has not established that the Court has subject-matter jurisdiction in this case. He has also failed to comply with Court orders. The undersigned therefore recommends that the United States District Judge deny Martinez's motions to proceed IFP and appoint counsel and that this case be dismissed without prejudice. Alternatively, the undersigned recommends the district judge dismiss this case without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**1.   Background**

On July 17, 2025, Martinez filed a complaint in this Court, naming Andy Samarripas as the sole Defendant. Dkt. No. 1. His complaint is largely incoherent

---

[1] Not all parties have consented to the magistrate judge, so the undersigned enters these findings, conclusions, and recommendation.

jibberish that refers to various people and places but lacks detail regarding the Defendant, referred to as both "Andy Sam" and "Andy Samarripas." *Id.* After a thorough review of the document (and accompanying artwork) filed, the undersigned magistrate judge is unable to discern (1) the basis for Martinez's claims; (2) who "evil police officer Andy Samarripas" works for or how he is purportedly connected to Martinez, and (3) the relief Martinez seeks. *Id.* Indeed, his filing is replete with outlandish claims involving famous people and remote places. *See id.*

Martinez's IFP application is likewise missing information. Dkt. No. 2. He reports working for "Smartstyle," but he does not list any income from that employment. Dkt. No. 2 at 1–2.[2] Similarly, Martinez does not report any expenses and gives no indication as to how he pays for basic living costs such as food, shelter, transportation, or other costs of subsistence. *Id.* at 4–5.

Because Martinez's complaint and IFP application are deficient, the Court ordered him to file amended documents. Dkt. No. 7. Specifically, the Court directed Martinez to file an amended complaint that complied with Rule 8 and established the Court's subject-matter jurisdiction. *Id.* at 1–4. The Court also ordered Martinez to file an amended IFP application and to become registered as a CM/ECF user, as required by the local rules, or to otherwise seek leave to be excused from that requirement. *Id.* at 4–5. The Court cautioned Martinez that his failure to comply could result in dismissal of this action under Rule 41(b). *Id.* at 5.

---

[2] Page citations refer to the electronic page number assigned by the Court's electronic filing system.

In response, Martinez filed two documents, neither of which comply with the Court's order or Rule 8. Dkt. Nos. 8, 9. The purpose of these untitled documents is unclear. They do not appear to be an amended complaint, and instead, they primarily consist of collages depicting the Pope, President Trump, and other people and items, and they contain random phrases and statements pieced together from printings. *Id.* Martinez did not file an amended IFP application, and he has not registered as an electronic filer.

**2.    When a complaint is wholly insubstantial and frivolous, it deprives the Court of subject-matter jurisdiction.**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *Stockman v. Fed. Elec. Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Because jurisdiction is limited, courts have a duty to examine their own subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

In general, federal courts may only consider a case if it involves a question of federal law—federal question jurisdiction—or when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000—diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Where "the record does not contain sufficient

3

evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted).

But even if a plaintiff asserts a claim under the Constitution or a federal statute, the case should be dismissed when "a plaintiff's complaint is facially frivolous and insubstantial" such that "it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). Though narrow, this exception applies when, for example, "the plaintiff's claim has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. May 1981)); *see Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) ("Claims that fall into this category include 'bizarre conspiracy theories, any fantastic government manipulations of [the] will or mind, [and] any sort of supernatural intervention.'" (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))).

### 3. Martinez has not established the Court has subject-matter jurisdiction over his claims.

Despite having the opportunity to do so, Martinez has not pleaded facts demonstrating that the Court possesses subject-matter jurisdiction in this action.

Martinez's pleadings are patently insubstantial and without a plausible foundation, thereby depriving the Court of subject-matter jurisdiction.

As best the Court can interpret these largely incoherent filings, Martinez alleges that Andy Samarripas is trying to prevent people from seeing or obtaining photos of a supernatural event—a miracle. *See* Dkt. Nos. 1 at 1–2; 1-1.[3] According to Martinez, people like Oprah Winfrey and her research manager have tried to obtain the photos from Samarripas. Dkt. No. 1 at 1, 2, 4; *see also* Dkt. No. 8. Martinez asserts that Samarripas has engaged in unlawful acts such as bribery and murder to prevent people from obtaining the photos. *See* Dkt. Nos. 1, 2, 4.

Martinez has not established federal question jurisdiction. He does not reference a federal statute or federal cause of action, nor do his allegations otherwise raise a federal question. Instead, taken as a whole, Martinez's vague, sweeping references to conspiracies, bribery, and other illegal acts are "wholly insubstantial and frivolous," particularly given the lack of specific factual support. *Bell*, 327 U.S. at 682–83; *see, e.g., Trevino v. NFN NLN*, No. 24-10411, 2025 WL 1442704, at *1–2 (5th Cir. May 20, 2025) (affirming district court's dismissal of complaint for lack of subject-matter jurisdiction, where plaintiff alleged that the Dallas Cowboys lost a game because plaintiff was not in Texas and that a deceased federal judge had plaintiff's back x-rays on video). They are similarly fantastical in the manner presented, with vague assertions regarding famous people and supernatural events. *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-

---

[3] Page citations to Martinez's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

5

00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [constituted] fanciful factual allegations [and] warrant[ed] dismissal" for lack of subject-matter jurisdiction (internal quotation marks omitted)).

The Court is similarly unable to decipher a basis for diversity jurisdiction. Martinez provides no information concerning Samarripas—e.g., his employer, where he lives, when the events took place, etc. Dkt. Nos. 1, 8, 9. He references various people and places in Texas—such locations in Lubbock; the names of Lubbock judges; the Fort Cavazos Police Department; and Kempner and Littlefield, Texas—but he also references Manhattan, Bethlehem, and Russia without a clear explanation of how any of these places give rise to the Court's jurisdiction. Martinez also fails to specify the relief he seeks, which makes it impossible to determine the amount in controversy. *Id.*

The Court has provided Martinez the opportunity to amend, and any additional opportunity would be futile given Martinez's refusal or inability to file an amended complaint in compliance with Rule 8. *See, e.g., Deng v. Parker*, No. 2:18-CV-61, 2018 WL 4963290, at *1 (N.D. Tex. May 1, 2018) (recommending dismissal where complaint failed to "properly invoke either federal question or diversity jurisdiction" and finding that even if the Court allowed plaintiff to amend his complaint, "the facts alleged therein are delusional and it would be futile to attempt to amend the claims"), *amended by* 2018 WL 6272460 (N.D. Tex. Oct. 22, 2018), *R. & R. adopted by* 2018 WL 6270977 (N.D.

Tex. Nov. 29, 2018); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations "clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020).

### 4. Martinez's non-compliance with Court orders also necessitates dismissal.

Alternatively, Martinez's complaint is subject to dismissal without prejudice because he has not complied with Court orders. A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Martinez did not file an amended complaint. His failure to do so necessitates dismissal under Rule 41(b). *See, e.g., Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at *1–2 (W.D. Tex. Aug. 27, 2010) (recommending dismissal of pro se complaint under Rule 41 where plaintiff "ignored a court order requiring him to file an [a]mended [c]omplaint remedying the deficiencies of his [o]riginal [c]omplaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sept. 24, 2010).

Moreover, the Court cannot evaluate Martinez's financial status because he has not supplied adequate information concerning monthly income and expenses, despite the Court's directive to do so. It is a "privilege to proceed at the expense of the government[, i.e., the taxpayers,] and the district court has the power to ensure that this privilege is properly granted." *Lay v. Justices-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987). Without a properly supported IFP application, the Court cannot determine whether Martinez is a pauper, and the case cannot proceed. *See Coleman v. Groom*, No. 3:19-CV-1155-N-BK, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recommending denial of plaintiff's IFP application and dismissal of the case, where plaintiff "failed to comply with the Court's directive to provide additional financial information," despite being provided multiple opportunities), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019).

Finally, Martinez's failure to register as an ECF user or to seek leave from that requirement necessitates dismissal under Rule 41(b). *See, e.g., Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (treating failure to comply with a local rule as a failure to prosecute under Rule 41(b)).

### 5.     Recommendation

Because the Court lacks subject-matter jurisdiction, the undersigned **RECOMMENDS** that the United States District Judge (1) deny Martinez's IFP application, Dkt. No. 2, and (2) dismiss his complaint without prejudice for lack of subject-matter jurisdiction. Because the Court lacks jurisdiction, the undersigned further recommends that the district judge deny as moot Martinez's motion for court-appointed

8

counsel. Dkt. No. 3. Alternatively, the undersigned recommends that the district judge dismiss the case without prejudice for failure to prosecute under Rule 41(b).

6. **Right To Object**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 3, 2025.

*Amy Burch*
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE

9